<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| ANTHONY G. MCTAGGART, | : | **Civil Action No. 19-8893 (SRC)** |
| Plaintiff, | : | |
| | : | **OPINION** |
| v. | : | |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

<u>**CHESLER, District Judge**</u>

This matter comes before the Court on the appeal by Plaintiff Anthony G. McTaggart ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that he was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 9.1(b), finds that the Commissioner's decision will be vacated and remanded.

In brief, this appeal arises from Plaintiff's application for disability benefits, alleging disability beginning November 24, 2013. A hearing was held before ALJ Leonard F. Costa (the "ALJ") on October 30, 2017, and the ALJ issued an unfavorable decision on March 6, 2018, finding that Plaintiff had not been disabled during the period in question. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

In the decision of March 6, 2018, the ALJ found that, at step three, Plaintiff did not meet

or equal any of the Listings.  At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform sedentary work, with certain limitations.  At step four, the ALJ also found that Plaintiff is unable to perform any past relevant work.  At step five, the ALJ determined, based on the testimony of a vocational expert, that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with his medical impairments, age, education, past work experience, and residual functional capacity.  The ALJ concluded that Plaintiff was not disabled within the meaning of the Act.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded on a number of grounds, but this Court need only reach the argument that points to reversible error: the ALJ overlooked a treating physician's opinion that Plaintiff was unable to work.

Plaintiff contends that the ALJ ignored the statement by Plaintiff's treating physician, Dr. Mahmood, dated October 13, 2015, that Plaintiff was unable to work at that time.  (Tr. 330.)  The Commissioner, in response, does not dispute that the ALJ's decision contains no reference to the physician statement in question, which is: "Additionally based on the current presentation of instability, I do not feel that he is suitable for return to work at this time."  (Tr. 330.)  The Commissioner makes two arguments to justify the omission.  First, the Commissioner argues, this statement does not constitute a medical source opinion, because it appears in a treatment note.  The Commissioner offers no authority to support the argument that medical source opinions that appear in treatment records may be ignored.  The Regulations define "medical opinion" as follows:

> Medical opinions. Medical opinions are statements from acceptable medical
> sources that reflect judgments about the nature and severity of your

2

> impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions.

20 C.F.R. § 404.1527(a)(1). This definition does not limit the category of document in which a medical opinion appears. The statement from Dr. Mahmood in question is a statement from an acceptable medical source that reflects a judgment about the nature and severity of Plaintiff's impairment.

Second, the Commissioner argues that the statement in question "purports to opine on an issue reserved to the Commissioner." (Opp. Br. 10.) In support, the Commissioner cites the following provision in the Regulations:

> (d) Medical source opinions on issues reserved to the Commissioner. Opinions on some issues, such as the examples that follow, are not medical opinions, as described in paragraph (a)(1) of this section, but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability.
> (1) Opinions that you are disabled. We are responsible for making the determination or decision about whether you meet the statutory definition of disability. In so doing, we review all of the medical findings and other evidence that support a medical source's statement that you are disabled. A statement by a medical source that you are "disabled" or "unable to work" does not mean that we will determine that you are disabled.

20 C.F.R. § 404.1527(d)(1). The Court finds that this provision does not support the Commissioner's argument about the statement in question. This provision states clearly that a medical source's conclusion about disability is an opinion on an issue reserved to the Commissioner. In the statement in question, Dr. Mahmood expressed no opinion about the issue of disability. Instead, he made a statement that Plaintiff was unable to work. This provision does refer to medical source opinions that a claimant is unable to work, but all it says is that such a statement, in and of itself, is not sufficient to mandate a determination that a

3

claimant is disabled.   The Commissioner here argues for an interpretation which, if followed, would have the effect of barring any medical source opinion on a claimant's ability to work, which would effectively eviscerate much of the law of disability determinations.   This is clearly not what the provision intends.   The Court concludes that this regulatory provision does not justify the ALJ's failure to discuss the statement in question.

Moreover, the Commissioner's position conflicts with Social Security Ruling 96-5p. Although Ruling 96-5p was rescinded effective March 27, 2017, Plaintiff filed his claim on March 12, 2015.   On January 18, 2017, the SSA revised the rules regarding the evaluation of medical evidence and symptoms for claims filed on or after March 27, 2017.   See "Revisions to Rules Regarding the Evaluation of Medical Evidence," 82 Fed. Reg. 5844-01, 5844 (January 18, 2017).   Because Plaintiff filed his claim before that date, SSR 96-5p applies to his claim, and it states:

> However, treating source opinions on issues that are reserved to the Commissioner are never entitled to controlling weight or special significance. Giving controlling weight to such opinions would, in effect, confer upon the treating source the authority to make the determination or decision about whether an individual is under a disability, and thus would be an abdication of the Commissioner's statutory responsibility to determine whether an individual is disabled.
>
> However, opinions from any medical source on issues reserved to the Commissioner must never be ignored. The adjudicator is required to evaluate all evidence in the case record that may have a bearing on the determination or decision of disability, including opinions from medical sources about issues reserved to the Commissioner. If the case record contains an opinion from a medical source on an issue reserved to the Commissioner, the adjudicator must evaluate all the evidence in the case record to determine the extent to which the opinion is supported by the record.

The Commissioner's argument that the ALJ was entitled to ignore Dr. Mahmood's statement cannot be reconciled with the clear statements in SSR 96-5p.   Even if Dr. Mahmood's statement

4

had been an opinion on an issue reserved to the Commissioner – which it is not –, the ALJ *must never* ignore it. This is crystal clear.

Furthermore, even apart from SSR 96-5p, the Commissioner's argument conflicts with well-established Third Circuit law. As the Third Circuit held in Morales:

> A cardinal principle guiding disability eligibility determinations is that the ALJ accord treating physicians' reports great weight, especially when their opinions reflect expert judgment based on a continuing observation of the patient's condition over a prolonged period of time. Where, as here, the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit but cannot reject evidence for no reason or for the wrong reason. The ALJ must consider the medical findings that support a treating physician's opinion that the claimant is disabled. In choosing to reject the treating physician's assessment, an ALJ may not make speculative inferences from medical reports and may reject a treating physician's opinion outright only on the basis of contradictory medical evidence and not due to his or her own credibility judgments, speculation or lay opinion.

Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (citations omitted). Treating physician opinions cannot be ignored: "The ALJ *must* consider the medical findings that support a treating physician's opinion that the claimant is disabled." Id. (emphasis added.) The ALJ erred by ignoring Dr. Mahmood's statement. This material and prejudicial error requires that the Commissioner's decision be vacated and remanded.

While this material error forms the basis for the Court's decision to vacate and remand this case, the Court notes an additional issue raised by Plaintiff that, while not clear error, is nonetheless cause for concern. Plaintiff contends that the ALJ made an improper inference about the absence of medical records after 2016. In brief, in the decision, the ALJ reviewed the medical evidence of serious orthopedic problems treated during the period from 2014 through 2016. (Tr. 20.) He observed that there was no medical evidence from after 2016. The ALJ stated:

5

>As for the claimant's statements about the intensity, persistence, and limiting effects of his symptoms, they are not fully consistent with the medical evidence. It is noted that there is no medical evidence from after November 2016. Attorney Mazur indicates in the Exhibit 20E brief that Workers' Compensation refused to pay for any more treatments after the claimant declined to have lumbar spine surgery. However, the claimant testified Workers' Compensation paid only to treat the left shoulder and that his neck and low back was under his wife's insurance. Based on the foregoing, the claimant has not supplied an adequate explanation for why there are no treatment notes from after November 2016, which suggests that the claimant has not fully met his burden of establishing disability since the alleged onset date.

(Tr. 19-20.)   Plaintiff argues that the reasoning here does not comply with Social Security Ruling 16-3p, which states:

>In contrast, if the frequency or extent of the treatment sought by an individual is not comparable with the degree of the individual's subjective complaints, or if the individual fails to follow prescribed treatment that might improve symptoms, we may find the alleged intensity and persistence of an individual's symptoms are inconsistent with the overall evidence of record. We will not find an individual's symptoms inconsistent with the evidence in the record on this basis without considering possible reasons he or she may not comply with treatment or seek treatment consistent with the degree of his or her complaints. We may need to contact the individual regarding the lack of treatment or, at an administrative proceeding, ask why he or she has not complied with or sought treatment in a manner consistent with his or her complaints. When we consider the individual's treatment history, we may consider (but are not limited to) one or more of the following:
>
>. . .
>
>- An individual may not be able to afford treatment and may not have access to free or low-cost medical services.
>
>. . .
>
>The above examples illustrate possible reasons an individual may not have pursued treatment. However, we will consider and address reasons for not pursuing treatment that are pertinent to an individual's case. We will review the case record to determine whether there are explanations for inconsistencies in the individual's statements about symptoms and their effects, and whether the evidence of record supports any of the individual's statements at the time he or she made them. We will explain how we considered the individual's reasons in

6

our evaluation of the individual's symptoms.

Plaintiff argues that the decision does not show that the ALJ asked Plaintiff why treatment stopped in 2016, nor that the ALJ considered Plaintiff's explanation, nor does the decision present any explanation of how Plaintiff's reasons were considered.

The Commissioner's opposition brief is significant for what it does not say on this issue, rather than for what it does say, which is nothing.   The opposition brief overlooks this argument entirely.   The Court construes the Commissioner's failure to address this argument as a concession that Plaintiff is correct.   The record before this Court does not permit this Court to determine whether this error was material and prejudicial, but the Court need not make that determination today.   It merely notes a matter of concern.

Moreover, the Court does not understand how the ALJ's inference about the absence of treatment records after 2016 – even if correct – has any relevance to a finding of no disability during the period from 2013 to 2016.   Plaintiff alleged that the period of disability began on November 24, 2013, and continued through the date of the hearing, October 30, 2017.   Even if, for the sake or discussion, it is true that Plaintiff was treated and got better by 2016 – and this Court has made no such finding –, this should be irrelevant to the question of disability prior to the date last treated.

For these reasons, this Court finds that the Commissioner's decision is not supported by substantial evidence due to a material error of law.   The Commissioner's decision is vacated and remanded for further proceedings in accordance with this Opinion.

                                                  s/ Stanley R. Chesler
                                           STANLEY R. CHESLER, U.S.D.J.

Dated: April 30, 2020

7